**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.   CV 13-3068  UA  (SS)                    Date: July 30, 2013
                                                   Page 1 of 4

Title:   Daryl Gray v. People of the State of California

| | |
|---|---|
| DOCKET ENTRY: | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(g) |

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:              ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                   None Present

**PROCEEDINGS: (IN CHAMBERS)**

Pro se plaintiff Daryl Gray ("Plaintiff") has submitted an application to proceed in forma pauperis ("IFP"). At least three of Plaintiff's cases or appeals have previously been dismissed as frivolous, malicious, or for failure to state a claim.[1] IFP status shall be denied to prisoners who have had three such "strikes" unless the prisoner is in imminent danger of serious physical injury. See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

A review of Plaintiff's civil lawsuits filed in the Central District of California reveals numerous strikes within the meaning of Section 1915(g), including the following actions:

---

[1] Plaintiff has filed at least twenty civil actions in the Central District of California since 2004.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 13-3068  UA  (SS)                    Date: July 30, 2013
                                                    Page 2 of 4

Title:      Daryl Gray v. People of the State of California

(1) Daryl Dwight Gray v. Villaragossa [sic], et al., CV 06-03836 JVS (SS). Action dismissed for failure to state a claim pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

(2) Daryl Dwight Gray v. AIDS Health Care Foundation, et al., CV 06-04336 UA (SS). IFP status denied because complaint failed to state a claim and no amendment could cure defects of complaint. Petitioner attempted to sue non-state actors under 28 U.S.C. § 1983.

(3) Daryl Dwight Gray v. Risk Management Branch, et al., CV 07-06516 UA (SS). IFP status denied because complaint was found to be legally and factually patently frivolous.

(4) Daryl Dwight Gray v. City of Los Angeles, et al., CV 11-01503 UA (SS). IFP status denied because Petitioner had at least three strikes within the meaning of the Prison Litigation Reform Act.

This sampling from Plaintiff's many cases is representative of Petitioner's petitions or complaints, the majority of which were either frivolous or failed to state a claim. Further, many of Petitioner's cases have been dismissed for failure to prosecute or obey Court orders. See, e.g, Daryl Dwight Gray v. George Allen A. Neotti, CV 11-02928 JVS (SS); Daryl Dwight Gray v. Los Angeles Police Department Officers, CV 07-02927 JVS (SS).

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires this Court to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.  CV 13-3068 UA (SS)          Date: July 30, 2013
                                                              Page 3 of 4

Title:  Daryl Gray v. People of the State of California

consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

      For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only dismissals within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Plaintiff has had many cases dismissed does not alone warrant dismissal under the statute. See id. Rather, dismissal of an action under § 1915(g) should occur only when, "after careful evaluation of the order dismissing an action . . . the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

      Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires (after such notice) that the prisoner bear the ultimate burden of persuasion. Andrews implicitly allows the court to sua sponte raise the § 1915(g) issue, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner the opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action under § 1915(g), but he may still pursue his claims if he pays the full filing fee at the outset of the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 13-3068  UA  (SS)                              Date: July 30, 2013
                                                              Page 4 of 4

Title:      Daryl Gray v. People of the State of California

  The Court evaluated Plaintiff's cases based on the dismissal orders in them. See Andrews, 398 F.3d at 1120 (allowing use of docket records in some cases, but requiring the use of actual court records when the docket records do not reveal the basis for the dismissals).

  In light of these dismissals, and because Gray does not appear to be under imminent danger of serious physical injury, **IT IS HEREBY ORDERED** that on or before August 12, 2013, Plaintiff shall show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g), i.e., Plaintiff must establish that the above-referenced cases do not qualify as strikes. In the alternative to showing cause why the action should not be dismissed, Plaintiff may avoid dismissal by paying the full filing fee by the deadline.

  The Clerk of the Court is directed to serve a copy of this Order on Plaintiff at his current address of record.

MINUTES FORM 11
CIVIL-GEN                                                     Initials of Deputy Clerk ___